DISTRICT OF OREGON
**F I L E D**
May 12, 2025
Clerk, U.S. Bankruptcy Court

Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
 ) Case No._____
 )
 ) APPLICATION TO EMPLOY
 ) BROKER, **AND ORDER THEREON**
Debtor(s) )

The undersigned trustee applies to employ _____, a licensed real estate or other broker, whose address is _____, to sell the following estate property under an exclusive listing or other agreement:

The terms of employment and compensation are customary in this marketplace for this type of sale and are as shown in the <u>attached listing or other agreement</u>. In general terms, the proposed compensation is as follows: _____.

To the best of the trustee's knowledge said broker has no connections with the entities listed in the verification below, except as described therein.

DATE: _____ _____
 Trustee

753.60 (8/8/13) **Page 1 of 2** *** **SEE NEXT PAGE** ***

      I, the broker named above, verify that neither I nor my company has any connections with the debtor(s), creditors, U.S. Trustee, Asst. U.S. Trustee, any employee of either the U.S. Trustee or Asst. U.S. Trustee, any District of Oregon Bankruptcy Judge, any other party in interest, or their respective attorneys or accountants, except as follows:

_____
Applicant/Relation to Company

      **IT IS ORDERED** that employment of the above-named broker is authorized and the trustee is authorized to compensate said broker <u>within the above terms</u> without further court order unless an interested party files a timely objection to the notice of sale and proposed compensation.

      **IT IS FURTHER ORDERED** that any proposed sale of the listed asset and broker compensation is subject to bankruptcy court approval if timely objections are filed, any arbitration or mediation provision in the attached agreement is without effect, and all issues regarding the employment relationship or the interpretation of the attached agreement are subject to the exclusive jurisdiction of the bankruptcy court.

###

ADDENDUM TO LISTING AGREEMENT

This Addendum is made to that Listing Agreement between Kenneth S. Eiler, in his capacity as bankruptcy trustee for the bankruptcy estate of Azure Sky Leasing, Inc, debtor, Case No. 24-33304-pcm7 ("Trustee'), and Bradley King ("Broker"). The remaining terms of the Listing Agreement remain in full force and effect provided they do not conflict with the terms below, and this Addendum applies to any modifications, renewals or extensions of this Listing Agreement.

1. The Seller is Kenneth S. Eiler, as Trustee for the Bankruptcy Estate of Azure Sky Leasing, Inc, debtor, Case No. 24-33304-pcm7.

2. Broker understands and acknowledges that all offers will be subject to Trustee (a) providing adequate notice of a sale in the United States Bankruptcy Court, District of Oregon, Case No. 24-33304-pcm7 pursuant to the bankruptcy code and receiving no timely objections, or (b) obtaining a court order approving a Sale. No commission shall be due until (2)(a) or (b) are satisfied, in addition to all other terms of the Listing Agreement and this Addendum.

3. Broker understands and acknowledges that all offers are subject to overbid by third parties and that any commissions which may be due under any sale transaction is subject to Bankruptcy Court approval.

4. Title shall be conveyed by Trustee's Deed, with no representations or warranties, expressed or implied as to the condition of title or property improvements. There may exist liens or encumbrances against the property which are in default.

5. Any and all purchasers of the Property ("Purchaser") will accept the land, buildings, improvements and all other aspects of the Property in their present conditions AS IS, including latent defects, the environmental conditions present on the premises, or any other matter affecting or relating to the physical condition of the Property, without any representations or warranties, express or implied, unless they are set forth expressly herein. Purchaser will expressly waive any and all claims growing or arising out of any representations or warranties with regard to the Property.

6. The Seller represents that he has authority to sell the subject property but does not provide any warranties regarding the condition of the property or the disclosures, written or otherwise, provided as part of the sale process. No indemnity is provided. Dual agency is not permitted.

7. The United States Bankruptcy Court shall have sole jurisdiction for any and all dispute resolutions pertaining to this transaction, and any references to mediation or arbitration are hereby void.

DATE:        April 24, 2025

/s/ Bradley King                                    /s/ Kenneth S. Eiler
Bradley King, Broker                                Kenneth S. Eiler, Trustee
                                                    Estate of Azure Sky Leasing, Inc, debtor
                                                    Case No. 24-33304-pcm7

**RMLS OREGON EXCLUSIVE RIGHT TO SELL - LISTING CONTRACT**

Page 1 of 7
RMLS 03/2025

**PROPERTY ADDRESS:** 19230 McLoughlin Blvd          **CITY, STATE** Gladstone          **OR**

1  **1. AGENCY.** Seller has received and read a copy of the Initial Agency Disclosure Pamphlet. SELLER
2  authorizes BROKER's FIRM to appoint BROKER to act as SELLER's listing BROKER. It is understood
3  and agreed that this Agreement creates an agency relationship with BROKER and BROKER's FIRM only,
4  not with any other brokers of BROKER's FIRM. Any broker other than BROKER who procures a
5  prospective buyer for the Property will not be representing SELLER and may represent a buyer.

6  **2. EXCLUSIVE RIGHT TO SELL.** In consideration for the services to be rendered by the undersigned
7  BROKER's FIRM, the undersigned SELLER hereby grants to BROKER's FIRM the exclusive right to sell
8  the property located at the address set forth above and more particularly described on the attached and
9  incorporated RMLS Listing Data Input Form and/or In-Progress Agent Full Report (the "Property").

10  This listing is:

11  __X__ AN ACTIVE LISTING (ACT). Date marketing to begin is _____, _____,   [Initial: kSEBT]
12  which will be the List Date published in RMLS. No marketing may occur before such date.

13  ____ COMING SOON-NO SHOWING LISTING (CSN). Will automatically convert to ACT on
14  first date for showing and Date marketing to begin on _____, _____ (not
15  more than 21 days from date of this Agreement). Property will be shown in RMLS as CSN status
16  and is subject to certain marketing restrictions, as provided in the RMLS Rules and Regulations,
17  including a prohibition against any showings and Internet advertising. A sign and flyer including
18  the phrase "Coming Soon" may be placed on the Property.

19  ____ EXCLUDED FROM MLS. The Property will not be submitted to, or published in, RMLS. The
20  Authorization to Exclude from MLS and Public Marketing Addendum must be completed and
21  submitted to RMLS.

22  For purposes of this Section, marketing includes, but is not limited to, flyers displayed in windows, yard
23  signs, digital marketing on public facing websites, brokerage website displays (including IDX and VOW),
24  digital communications marketing (email blasts), multi-brokerage listing sharing networks, and
25  applications available to the general public. SELLER further allows BROKER's FIRM a reasonable time
26  after termination or expiration of this Agreement to close any transaction on which earnest money has been
27  paid, or a promissory note for earnest money has been tendered. No extension or renewal of this Agreement
28  shall be effective unless it is in writing signed by SELLER and authorized signatory of BROKER's FIRM.

29  **3. LIST PRICE.** List Price $__2,100,000.00__.

30  **4. TERM.** This Agreement is effective when fully signed by all parties, and shall terminate at 11:59 p.m.
31  on ___April 14___, __2026__. Such termination date shall not be more than 24 months from the effective
32  date.

33  **5. BROKERAGE FEE.** SELLER shall pay a brokerage fee as set forth in Section 6 below in an amount
34  equal to ___5.000___% of the selling price or option exercise price of the Property or
35  $ __na__. SELLER acknowledges this sum is owed and payable to BROKER's FIRM under Section
36  6 below. **The brokerage fee is not set by law and is fully negotiable.**

37  SELLER hereby irrevocably assigns to BROKER's FIRM the proceeds of such transaction to the extent of
38  BROKER's FIRM's fee and irrevocably instructs the escrow agent, if any, to pay BROKER's FIRM's fee
39  at closing out of such proceeds.

Sellers' Initials   [Initial: kSEBT]

Docusign Envelope ID: 242F57D6-2703-41EA-BECC-DF0534757E8B
Case 24-33304-pcm7  Doc 19  Filed 05/12/25

RMLS OREGON EXCLUSIVE RIGHT TO SELL - LISTING CONTRACT                Page 2 of 7
                                                                      RMLS 03/2025
PROPERTY ADDRESS: 19230 McLoughlin Blvd            CITY, STATE Gladstone       OR

40  **6. RIGHT TO COMPENSATION.** In consideration for the services herein described, SELLER shall
41  pay BROKER's FIRM the brokerage fee set forth in Section 5 above if BROKER's FIRM, any cooperating
42  broker, including, but not limited to, a buyer's broker or SELLER:

43      (a) finds a buyer ready, willing, and able to purchase the Property for the price and terms set forth
44      in the attached RMLS Listing Data Input Form or such other price and terms as SELLER may
45      accept; or
46      (b) sells the Property to any buyer during the term of this Agreement or within
47      __One Hundred__ ( 120 ) days after termination of this Agreement.

48  **IF SELLER ELECTS TO CANCEL THE AUTHORITY HEREBY GIVEN OR TERMINATE THIS**
49  **AGREEMENT PRIOR TO EXPIRATION OF ITS TERM, SELLER WILL BE OBLIGATED TO**
50  **PAY THE FULL COMPENSATION SET FORTH IN SECTION 5 ABOVE TO BROKER'S FIRM.**
51  Section 6 (b) above shall not apply if, following the termination of this Agreement, SELLER lists the
52  Property for sale with another duly licensed real estate broker and if the application of such section would
53  result in SELLER's liability for more than one brokerage fee. The term "sale" shall include any exchange
54  or trade to which SELLER consents. In the event of an exchange, trade or lease option, BROKER's FIRM
55  is permitted to represent and receive compensation from both parties.

56  **7. DISBURSEMENT.** In the event of forfeiture of earnest money for any transaction relating to this
57  Agreement, the earnest money shall be disbursed as follows: SELLER __100.000__ % BROKER's FIRM
58  __na__ % OR (check if applicable) [ ] to BROKER's FIRM to the extent of the brokerage fee, with
59  balance to SELLER.

60  SELLERS' Initials __kSEBT__ / _____

61  **8. INSUFFICIENT PROCEEDS.** If the proceeds from the sale of the Property are insufficient to cover
62  costs at closing, SELLER acknowledges that the decision by any beneficiary or mortgagee, or its assignees,
63  to release its interest in the Property for less than the amount owed, does not automatically relieve SELLER
64  of the obligation to pay any debt or costs remaining at closing, including fees such as the BROKER's
65  FIRM's commission.

66  **9. SERVICES; AUTHORITY.** BROKER's FIRM will market the Property, and in connection therewith,
67  SELLER hereby authorizes BROKER's FIRM to do the following:
68      (a) if authorized pursuant to Section 11 below, place a "for sale" sign on the Property and remove
69      all other similar signs;
70      (b) turn on, or leave on, all utilities serving the Property and authorize utility providers to do so in
71      order to show the Property, all at SELLER's expense;
72      (c) obtain and disclose any information pertaining to any present encumbrance on the Property;
73      (d) if authorized pursuant to Section 10 below, obtain a key to the Property and place such key in a
74      lock box on the exterior of the Property, with recognition that SELLER bears any risk of loss or
75      damage associated with the use of such lock box (SELLER should consult SELLER's homeowner's
76      insurance policy to determine coverage);
77      (e) have access to Property for purposes of showing it to prospective buyers at any reasonable hour;
78      (f) place information regarding this listing and the Property in the RMLS;
79      (g) disclose sale information including the selling price and any amount that the SELLER pays on
80      behalf of the buyer for buyer's closing costs and prepaid items after closing of a sale of the Property;
81      (h) accept deposits on SELLER's behalf; and
82      (i) communicate with SELLER by telephone, facsimile, e-mail, and /or other electronic means even
83      after the term of this Agreement.

Sellers' Initials __kSEBT__ _____

84 SELLER hereby authorizes RMLS to use, relicense, repurpose, display and otherwise deal with photos and
85 data regarding the Property, without compensation to the SELLER. Such authority shall survive expiration
86 or termination of this Agreement. Tenant occupancy – if tenant(s) occupies property, and authority from
87 the tenant(s) is required for BROKER's FIRM to do any of the items listed in Section 9, SELLER shall
88 obtain such authority from tenant(s).

89 **10. LOCKBOX.** SELLER ☐does ☒does not (check one) authorize BROKER's FIRM to place a lockbox
90 on the Property.

91 **11. SIGN.** SELLER ☒does ☐does not (check one) authorize BROKER's FIRM to place a sign on the
92 Property.

93 **12. INTERNET.** SELLER ☒does ☐does not (check one) authorize BROKER's FIRM to advertise the
94 Property on the Internet.

95 **13. INDEMNITY AND LIMITATION OF LIABILITY.** SELLER shall defend, indemnify, and hold
96 harmless RMLS, BROKER's FIRM, its licensees and any cooperating broker and its licensees from any
97 liability, claims, damages, causes of action or suits arising out of, or relating to, any breach of the
98 representations and warranties set forth herein or in any agreement for the sale of the Property, and from
99 the failure to disclose any material information to BROKER's FIRM relating to the Property. RMLS is an
100 intended third party beneficiary of this Agreement. In no event shall RMLS, its subsidiaries, affiliates,
101 shareholders, owners, managers, directors, employees or agents be liable to SELLER for any damages
102 related to this Agreement or the services provided hereunder. SELLER hereby waives any right to initiate,
103 participate and/or cooperate in any purported class or collective or representative action or proceeding
104 against RMLS.

105 **14. ATTORNEYS' FEES.** If BROKER's FIRM refers this Agreement to an attorney for collection of the
106 compensation due hereunder, SELLER shall pay the costs and reasonable attorneys' fees of BROKER's
107 FIRM or any cooperating broker regardless of whether mediation is conducted or arbitration or litigation
108 is filed. If mediation is conducted or if arbitration or litigation is filed in connection with any dispute
109 relating to this Agreement, the prevailing party shall be entitled to its attorneys' fees and costs in connection
110 with such mediation, arbitration or litigation, and in any appeal therefrom and enforcement thereof.

111 **15. DISPUTE RESOLUTION.** SELLER and BROKER's FIRM, including the licensees of each, if any,
112 agree that all claims, controversies or disputes, including those for rescission (hereinafter collectively
113 referred to as "Claims"), relating directly or indirectly to this Agreement, shall be resolved in accordance
114 with the procedures set forth herein which shall expressly survive closing. Provided, however, the
115 following matters shall not constitute Claims:
116     (a) any proceeding to collect, interpret or enforce any mortgage, trust deed, land sale contract, or
117         recorded construction lien;
118     (b) a forcible entry and detainer action;
119     (c) any dispute between REALTORS® which is subject to the Professional Standards Arbitration
120         provisions of the National Association of REALTORS®.

121 The filing of a notice of pending action ("*lis pendens*") or the application to any court for the issuance of
122 any provisional process or similar remedy described in the Oregon or Federal Rules of Civil Procedure
123 shall not constitute a waiver of the right or duty to use the procedures specified below.

Sellers' Initials  Initial  kSEBT

124  Notwithstanding the following provisions, SELLER, BROKER's FIRM and the licensees, if any, mutually
125  agree that all Claims within the jurisdiction of the Small Claims Court shall be brought and decided there,
126  in lieu of mediation, arbitration or litigation in any other court of law. No party shall have a right to request
127  a jury trial and remove the matter from Small Claims Court, notwithstanding any right contained in Oregon
128  law, and a judgment in Small Claims Court shall be final and binding under all circumstances.

129  If SELLER was represented in this transaction by a licensee who was then a member of the National
130  Association of REALTORS®, all claims shall be submitted to mediation in accordance with the procedures
131  of the Home Seller/Home Buyer Dispute Resolution System of the National Association of REALTORS®
132  or other organization-adopted mediation program (collectively the "System"). Provided, however, if the
133  System is not then available through the licensees' Association of REALTORS®, then the SELLER,
134  BROKER's FIRM and/or licensees shall not be required to engage in mediation.

135  All claims that have not been resolved by mediation, or otherwise, shall be submitted to final and binding
136  private arbitration in accordance with Oregon law. SELLER agrees that the arbitrability of any claim is to
137  be decided solely by an arbitrator and that neither SELLER nor BROKER's FIRM may bring claims against
138  the other and/or RMLS as part of any purported class or representative action or proceeding. Unless
139  otherwise mutually agreed upon by SELLER, BROKER's FIRM and RMLS, the arbitrator(s) may not
140  consolidate or join more than one person's and/or party's claims, and may not preside over any form of
141  consolidated, representative or class proceeding. Filing for arbitration shall be treated the same as filing in
142  court for purposes of meeting any applicable statutes of limitation or for purposes of filing a *lis pendens*.
143  SELLER, BROKER's FIRM and/or their licensees may use any professional arbitration company which
144  provides such service to the county where the Property is located, as selected by the party first filing for
145  arbitration. Provided, however, if no arbitration company has available services when the Claim arose,
146  neither SELLER, BROKER's FIRM, nor their respective licensees, if any, shall be required to participate
147  in arbitration. In the event either an arbitration company is not available and/or a court decides that any
148  part of this section is invalid or unenforceable, the remaining parts of this section shall still apply.

149  BY CONSENTING TO THIS PROVISION YOU ARE AGREEING THAT DISPUTES ARISING UNDER
150  THIS AGREEMENT SHALL BE HEARD AND DECIDED BY ONE OR MORE NEUTRAL
151  ARBITRATORS AND YOU ARE GIVING UP THE RIGHT TO HAVE THE MATTER TRIED BY A
152  JUDGE OR JURY AND THE RIGHT TO PROCEED IN ANY CONSOLIDATED, REPRESENTATIVE
153  OR CLASS PROCEEDING AGAINST BOTH BROKER'S FIRM AND RMLS. THE RIGHT TO
154  APPEAL AN ARBITRATION DECISION IS LIMITED UNDER OREGON LAW.

155  **16. COMPLIANCE WITH LAW.** SELLER shall comply with all laws relating to the Property and the
156  sale thereof, including without limitation, the obligation to offer the Property for sale to any person without
157  regard to race, color, religion, gender, disability, marital status, familial status, sexual orientation, gender
158  identity, legal source of income, domestic violence victim or national origin.

159  **17. SELLER's PROPERTY DISCLOSURE STATEMENT.** SELLER will complete the Seller's
160  Property Disclosure Statement accurately based upon SELLER's personal knowledge and information as
161  required under ORS 105.464. BROKER's FIRM has not made any statement, representation, warranty,
162  investigation, test or other inquiry into the accuracy or adequacy of SELLER's disclosures. SELLER
163  hereby authorizes BROKER to:
164      (a) deliver a copy of such Disclosure Statement to any prospective Buyer; and
165      (b) rely <u>solely upon SELLER's representations set forth in this Agreement and in the Disclosure
166      Statement</u> without further inquiry or diligence on BROKER's part.

Sellers' Initials ⎡Initial  kSEBT⎦

**18. REQUIRED DETECTORS.** Oregon law requires SELLER to install an approved SMOKE DETECTOR(s) and approved CARBON MONOXIDE DETECTOR(s) in the building(s) located on the Property. SELLER will install approved smoke detector(s) and approved carbon monoxide detector(s) in the building(s) located on the Property, as required by law.

**19. SELLER'S REPRESENTATIONS AND WARRANTIES.** SELLER hereby represents and warrants to BROKER's FIRM:
  (a) that the undersigned SELLER has full authority to enter into this Agreement and to convey marketable title to the Property to a buyer;
  (b) the information on the attached Listing Data Input Form and/or In-Progress Agent Full Report is correct and complete; and
  (c) as of the date(s) of the closing of the sale of the Property and transfer of possession, all aspects of the Property will be in substantially their present condition and free of material defects, except as disclosed in the sale agreement or Seller's Property Disclosure Statement.

**20. FIRPTA.** In general, the sale or other disposition of a U.S. real property interest by a foreign person is subject to income tax withholding under the Foreign Investment in Real Property Tax Act of 1980 (FIRPTA). A "foreign person" includes a non-resident alien individual, foreign corporation, foreign partnership, foreign trust and foreign estate. If FIRPTA applies, the buyer or other qualified substitute may be legally required to withhold this tax at closing. In order to avoid closing delays, SELLER is requested to initial one of the two statements:

_kSEBT_ / _____ SELLER warrants and represents to BROKER and BROKER's FIRM that SELLER is **not** a foreign person under FIRPTA.

_____ / _____ SELLER **is** a foreign person under FIRPTA.

**21. ADDITIONAL PROVISIONS.** Kenneth S Eiler is Trustee and authorized signer for the Seller.
_____
_____
_____
_____
_____

**22. MODIFICATION.** No provision of this Agreement, including, without limitation, the amount of the brokerage fee set forth in Section 5, may be modified except in writing signed by SELLER and by BROKER's FIRM.

BROKER (printed) **Bradley King**

BROKER Signature _Bradley King_ (DocuSigned by: B002D754654B480...)

Date of BROKER's Signature 4/8/2025 | 15:30 PDT

Phone **(503)313-8262**

Email **king@kwcommercial.com**

BROKER's License # **201235429**

Sellers' Initials    Initial _kSEBT_

© RMLS 2025. ALL RIGHTS RESERVED.
Keller Williams Realty Portland Premiere, 16365 Boones Ferry Rd Lake Oswego OREGON 97035    Phone: 5033138262    Fax: 5037738866    McLoughlin
Bradley King    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201    www.lwolf.com

Docusign Envelope ID: 242F57D6-2703-41EA-BECC-DF0534757E8B

PROPERTY ADDRESS: **19230 McLoughlin Blvd**     CITY, STATE **Gladstone**     **OR**

BROKER's FIRM (printed) **Keller Williams Realty Portland Premiere**

BROKER's Principal Broker (printed) **Joe Schafbuch**

Address **16365 Boones Ferry Rd**

Address _____

City **Lake Oswego**

State **OREGON**

Zip **97035**

Principal Broker's Phone **(503)313-8262**

Principal Broker's Email **Broker@KWportlandpremiere.com**

BROKERAGE License # **200509347**

SELLER(S):

SELLER (printed) **Azure Sky Leasing Inc.**

SELLER Signature *Kenneth S Eiler - Bankruptcy Trustee*   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

Date of SELLER'S Signature  4/8/2025 | 17:01 PDT

Address _____

Address _____

City _____

State _____

Zip _____

Phone (w) **(503)292-6020**

Phone (h) _____

Email **kenneth.eiler7@gmail.com**

SELLER (printed) **Kenneth S Eiler - ~~Receiver~~   Bankruptcy Trustee**

SELLER Signature _____

Date of SELLER'S Signature _____

Address _____

Address _____

City _____

State _____

Zip _____

Phone (w) _____

Phone (h) _____

Email _____

Sellers' Initials **KSEBT**  Initial

Docusign Envelope ID: 242F57D6-2703-41EA-BECC-DF0534757E8B

**PROPERTY ADDRESS: 19230 McLoughlin Blvd**  **CITY, STATE Gladstone  OR**

If legal representative or attorney-in-fact state capacity and name of real party in interest

Name _____

_____

Capacity _____

On Behalf of _____

_____

Sellers' Initials ___kSEBT___ Initial

© RMLS 2025. ALL RIGHTS RESERVED.



COMMERCIAL

# ADVISORY REGARDING REAL ESTATE COMPENSATION

1  This Advisory Regarding Real Estate Compensation (this "Compensation Advisory") describes how real estate compensation works and the choices
2  buyers and sellers have available to them when hiring a real estate agent.

3  **1. COMPENSATION AGREEMENTS:** There are two kinds of real estate compensation agreements: agreements with sellers - frequently called
4  "Listing Agreements," and agreements with buyers - frequently called "Buyer Representation Agreements." These agreements describe the services
5  that real estate agents perform and provide them with a right to receive compensation. Oral agreements to perform these services are void under
6  Oregon law.

7  **2. TIMING OF COMPENSATION PAYMENT:** The compensation agreement will describe the conditions under which the compensation will be paid.
8  The agreement may provide various due dates:

9     (a) an up-front payment, a payment when a real estate agent has incurred expenses on the client's behalf;
10    (b) a payment that becomes due when a sale agreement is signed ; or
11    (c) a payment that is made through escrow when a sale transaction closes.

12 Because the conditions may never be satisfied, real estate agents are not always paid for the work they do.

13 **3. RECIPIENTS OF COMPENSATION:** Real estate compensation is paid to the brokerage(s) whose real estate agents are involved in a transaction.
14 Those brokerages then pay part of that compensation to the real estate agent(s) involved. Real estate agents may share part of the compensation
15 they receive with other real estate agents: for example, the real estate agent may be part of a team where real estate agents have worked together
16 on the transaction, or a seller's real estate agent may provide part of their compensation to the buyer's real estate agent, or a real estate agent may
17 provide part of their compensation to a real estate agent who provided a referral. Before agreeing to share compensation with an agent representing
18 the other party in a transaction, real estate agents disclose to their clients the terms and amount of the shared compensation. Real estate agents
19 frequently pay out of their compensations the expenses they incur in connection with a transaction such as payments to assistants or payment of
20 advertising costs.

21 **4. NO STANDARD COMPENSATION RATES:** Compensation for real estate agents is not set by law: there is no standard or minimum level of
22 compensation for real estate agents. Buyers and sellers are free to negotiate the amount of compensation with their real estate agent.

23 **5. COMPENSATION ADJUSTMENTS:** Clients of real estate agents receive OREF C-530 - Initial Agency Disclosure Pamphlet, which describes the
24 duties and responsibilities of real estate agents. Two of those real estate agent duties are: (a) to be loyal to their clients by not taking action that is
25 adverse or detrimental to the clients' interests in transactions; and (b) to disclose in a timely manner to their clients any conflict of interest, existing or
26 contemplated. Real estate agents may have a conflict of interest when they advocate for their own compensation at the same time that they are
27 advocating for their client's interests in a transaction. Real estate agents do not introduce discussions of their compensation into transactions because
28 they are prioritizing Client's interests ahead of their own. However, if Client wants their real estate agent to be paid by the other party in a transaction,
29 Client can instruct their real estate agent to make that request in the Sale Agreement or an addendum. Parties are not required to agree to any such
30 request. Buyers who are obtaining financing for a purchase should ask their lender whether there are limitations surrounding the financing of real
31 estate compensation or seller payment of closing costs.

32 By signing below, Client acknowledges this disclosure of the conflict of interest that real estate agents may have with respect to compensation, and
33 the Client waives the conflict. A provision of the Oregon statutes that govern real estate agents provides for regulatory discipline against real estate
34 agents who interfere with the contractual relationships of others concerning real estate activity. Real estate agents will not ask that another real estate
35 agent's compensation be reduced or take any other action that would constitute interference with another real estate agent's compensation
36 agreement.

37 **6. THE VALUE OF HIRING A PROFESSIONAL:** For many people, a real estate transaction is the largest and most important transaction of their
38 lives. Real estate agents are trained in the skills buyers and sellers need to make their transaction successful. Real estate agents have the marketing,
39 negotiation, due diligence, and other skills needed to achieve the best results for buyers and sellers.

40 **7. ACKNOWLEDGMENT:** The undersigned party acknowledges that: (a) they have read and understand this Compensation Advisory; (b) they have
41 been provided with a copy for their own files; (c) their real estate agent has disclosed any conflict of interest arising out of compensation adjustments
42 as described in this Advisory; and (d) they waive that conflict.

43 Client _Kenneth S Eiler – Bankruptcy Trustee_  Kenneth S Eiler - Bankruptcy Trustee  Date 4/8/2025 | 17:01 PDT  ☐ a.m. ☐ p.m. ←
44 Client _____ Print _____ Date _____ ☐ a.m. ☐ p.m. ←

LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE AND DATE          OREF C-564 | Released 01/2025 | Page 1 of 1

No portion of this form may be reproduced without the express permission of Oregon Real Estate Forms, LLC | Copyright Oregon Real Estate Forms, LLC 2024
This form has been licensed for use solely by the user named below under the terms of the Oregon Real Estate Forms license agreement located at:
https://orefonline.com/oref-forms-license-terms-and-conditions.

Keller Williams Realty Portland Premiere, 16365 Boones Ferry Rd Lake Oswego OREGON 97035    Phone: 5033138262    Fax: 5037738866    McLoughlin
Bradley King                Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201    www.lwolf.com



COMMERCIAL

## DISCLOSED LIMITED AGENCY AGREEMENT FOR SELLERS

1  Real Estate Firm (*identify*) **Keller Williams Realty Portland Premiere**

2  The parties to this Disclosed Limited Agency Agreement are:

3  Seller's Agent (*print name*) **Bradley King**

4  Seller's Agent Principal Broker (*print name*) **Joe Schafbuch**

5  Seller (*print name*) **Azure Sky Leasing Inc.**        Seller (*print name*) **Kenneth S Eiler - Receiver**

6  The parties to this Agreement understand Oregon law allows a single real estate agent to act as a disclosed limited agent to represent both the seller
7  and the buyer in the same real estate transaction, or multiple buyers who want to purchase the same property. It is also understood when different
8  agents associated with the same principal broker (the broker who directly supervises the other agents) establish agency relationships with the buyer
9  and Seller in a real estate transaction, the agents' principal broker will be the only broker acting as a disclosed limited agent representing both Seller
10 and buyer. The other agents will continue to represent only the party with whom they have an established agency relationship unless all parties agree
11 otherwise in writing.

12 In consideration of the above understanding and the mutual promises and benefits exchanged here and in the Listing Agreement, the parties now
13 agree as follows:

14 **1.** Seller(s) acknowledge they have received the Oregon Real Estate Agency's Initial Agency Disclosure Pamphlet required by ORS 696.820 and
15 have read and discussed with the Seller's Agent the part of the pamphlet entitled "Duties and Responsibilities of an Agent who Represents More than
16 One Client in a Transaction." The Initial Agency Disclosure Pamphlet is hereby incorporated into this Disclosed Limited Agency Agreement by
17 reference.

18 **Seller(s) Initials** *kSEBT*

19 **2.** Seller(s), having discussed with the Seller's Agent the duties and responsibilities of an agent who represents more than one party to a transaction,
20 consent and agree as follows:

21      (a) The Seller's Agent, in addition to representing Seller (*select one*), ☐ may ☒ may not represent one or more buyers in a transaction
22      involving the listed property;

23      (b) In a transaction involving the listed property where the buyer is represented by an agent who works in the same Real Estate Firm as the
24      Seller's Agent and who is supervised by the Seller's Agent's Principal Broker, the Seller's Agent's Principal Broker may represent both Seller
25      and buyer. In such a situation, the Seller's Agent will continue to represent only the Seller, and the other agent will represent only the buyer,
26      consistent with the applicable duties and responsibilities as set out in the Initial Agency Disclosure Pamphlet; and

27      (c) In all other cases, the Seller's Agent and the Seller's Agent's Principal Broker will represent Seller exclusively.

28 Seller *Kenneth S Eiler – Bankruptcy Trustee* Print **Azure Sky Leasing Inc.** Date 4/8/2025 | 17:01 PDT   ☐ a.m. ☐ p.m.
                                                         Kenneth S Eiler - Bankruptcy Trustee
29 Seller _____ Print **Kenneth S Eiler - Receiver** Date _____ ☐ a.m. ☐ p.m.

30 Seller's Agent *Bradley King* Print **Bradley King** Date 4/8/2025 | 15:30 PDT ☐ a.m. ☐ p.m.
31      (On behalf of the Principal Broker's behalf)

---

**LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE AND DATE**      OREF C-532 | Released 01/2025 | Page 1 of 1

No portion of this form may be reproduced without the express permission of Oregon Real Estate Forms, LLC | Copyright Oregon Real Estate Forms, LLC 2022
This form has been licensed for use solely by the user named below under the terms of the Oregon Real Estate Forms license agreement located at:
https://orefonline.com/oref-forms-license-terms-and-conditions.

Keller Williams Realty Portland Premiere, 16365 Boones Ferry Rd Lake Oswego OREGON 97035     Phone: 5033138262    Fax: 5037738866    McLoughlin
Bradley King                  Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com

Docusign Envelope ID: 242F57D6-2703-41EA-BECC-DF0534757E8B
Case 24-33304-pcm7    Doc 19    Filed 05/12/25



COMMERCIAL

Initial: kSEBT

# OREGON REAL ESTATE AGENCY
## INITIAL AGENCY DISCLOSURE PAMPHLET
### OAR 863-015-215 (5)

*This pamphlet describes the legal obligations of real estate agents in Oregon. Real estate agents and Principal Brokers are required to provide this information to you when they first meet you.*

*This pamphlet is informational only. Neither the pamphlet nor its delivery to you may be interpreted as evidence of intent to create an agency relationship between you and an agent or a Principal Broker.*

### Real Estate Agency Relationships

An "agency" relationship is a voluntary legal relationship in which a licensed real estate agent or Principal Broker, agrees to act on behalf of a buyer or a seller (the "client") in a real estate transaction.

Oregon law provides for three types of agency relationships between real estate agents and their clients:

**Seller's Agent** - Represents the seller only;
**Buyer's Agent** - Represents the buyer only;
**Disclosed Limited Agent** - Represents both the buyer and seller, or multiple buyers who want to purchase the same property. This can be done only with the written permission of all clients.

*The actual agency relationships between the seller, buyer and their agents in a real estate transaction must be acknowledged at the time an offer to purchase is made. Please read this pamphlet carefully before entering into an agency relationship with a real estate agent.*

### Definition of "Confidential Information"

Generally, agents must maintain confidential information about their clients. "Confidential information" is information communicated to the agent or the agent's Principal Broker by the buyer or seller of one to four residential units regarding the real property transaction, including but not limited to price, terms, financial qualifications or motivation to buy or sell. "Confidential information" does not mean information that:

a. The buyer instructs the agent or the agent's Principal Broker to disclose about the buyer to the seller, or the seller instructs the agent or the agent's Principal Broker to disclose about the seller to the buyer; and
b. The agent or the agent's Principal Broker knows or should know failure to disclose would constitute fraudulent representation.

### Duties and Responsibilities of Seller's Agent

Under a written listing agreement to sell property, an agent represents only the seller unless the seller agrees in writing to allow the agent to also represent the buyer. An agent who represents only the seller owes the following affirmative duties to the seller, the other parties and the other parties' agents involved in a real estate transaction:

1. To deal honestly and in good faith;
2. To present all written offers, notices and other communications to and from the parties in a timely manner without regard to whether the property is subject to a contract for sale or the buyer is already a party to a contract to purchase; and
3. To disclose material facts known by the agent and not apparent or readily ascertainable to a party;

---

LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE AND DATE          OREF C-530 | Released 01/2025 | Page 1 of 3
No portion of this form may be reproduced without the express permission of Oregon Real Estate Forms, LLC | Copyright Oregon Real Estate Forms, LLC 2022
This form has been licensed for use solely by the user named below under the terms of the Oregon Real Estate Forms license agreement located at:
https://orefonline.com/oref-forms-license-terms-and-conditios.

Keller Williams Realty Portland Premiere, 16365 Boones Ferry Rd Lake Oswego OREGON 97035          Phone: 5033138262    Fax: 5037738866          McLoughlin
Bradley King                    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com



COMMERCIAL

Initial: kSEBt

33  A Seller's Agent owes the seller the following affirmative duties:
34      1. To exercise reasonable care and diligence;
35      2. To account in a timely manner for money and property received from or on behalf of the seller;
36      3. To be loyal to the seller by not taking action that is adverse or detrimental to the seller's interest in a transaction;
37      4. To disclose in a timely manner to the seller any conflict of interest, existing or contemplated;
38      5. To advise the seller to seek expert advice on matters related to the transactions that are beyond the agent's expertise;
39      6. To maintain confidential information from or about the seller except under subpoena or court order, even after termination
40         of the agency relationship; and
41      7. Unless agreed otherwise in writing, to make a continuous, good faith effort to find a buyer for the property, except that a
42         Seller's Agent is not required to seek additional offers to purchase the property while the property is subject to a contract
43         for sale.

44  None of the above affirmative duties of an agent may be waived, except #7. The affirmative duty listed in #7 can only be waived by
45  written agreement between seller and agent.

46  Under Oregon law, a Seller's Agent may show properties owned by another seller to a prospective buyer and may list competing
47  properties for sale without breaching any affirmative duty to the seller.

48  Unless agreed to in writing, an agent has no duty to investigate matters that are outside the scope of the agent's expertise, including
49  but not limited to investigation of the condition of property, the legal status of the title or the seller's past conformance with law.

50                          **Duties and Responsibilities of Buyer's Agent**

51  An agent, other than the Seller's Agent, may agree to act as the Buyer's Agent only. The Buyer's Agent is not representing the
52  seller, even if the Buyer's Agent is receiving compensation for services rendered, either in full or in part, from the seller or through
53  the Seller's Agent.

54  An agent who represents only the buyer owes the following affirmative duties to the buyer, the other parties and the other parties'
55  agents involved in a real estate transaction:

56      1. To deal honestly and in good faith;
57      2. To present all written offers, notices and other communications to and from the parties in a timely manner without regard
58         to whether the property is subject to a contract for sale or the buyer is already a party to a contract to purchase; and
59      3. To disclose material facts known by the agent and not apparent or readily ascertainable to a party.

60  A Buyer's Agent owes the buyer the following affirmative duties:
61      1. To exercise reasonable care and diligence;
62      2. To account in a timely manner for money and property received from or on behalf of the buyer;
63      3. To be loyal to the buyer by not taking action that is adverse or detrimental to the buyer's interest in a transaction;
64      4. To disclose in a timely manner to the buyer any conflict of interest, existing or contemplated;
65      5. To advise the buyer to seek expert advice on matters related to the transaction that are beyond the agent's expertise;
66      6. To maintain confidential information from or about the buyer except under subpoena or court order, even after termination
67         of the agency relationship; and
68      7. Unless agreed otherwise in writing, to make a continuous, good faith effort to find property for the buyer, except that a
69         buyer's agent is not required to seek additional properties for the buyer while the buyer is subject to a contract for
70         purchase.

71  None of these affirmative duties of an agent may be waived, except #7. The affirmative duty listed in #7 can only be waived by
72  written agreement between buyer and agent.

73  Under Oregon law, a Buyer's Agent may show properties in which the buyer is interested to other prospective buyers without
74  breaching an affirmative duty to the buyer.

LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE AND DATE          OREF C-530 | Released 01/2025 | Page 2 of 3

No portion of this form may be reproduced without the express permission of Oregon Real Estate Forms, LLC | Copyright Oregon Real Estate Forms, LLC 2022
This form has been licensed for use solely by the user named below under the terms of the Oregon Real Estate Forms license agreement located at:
https://orefonline.com/oref-forms-license-terms-and-conditios.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com          McLoughlin

 

Initial
COMMERCIAL
*kSEBT*

75  Unless agreed to in writing, an agent has no duty to investigate matters that are outside the scope of the agent's expertise, including
76  but not limited to investigation of the condition of property, the legal status of the title or the seller's past conformance with law.

## Duties and Responsibilities of an Agent
## Who Represents More than One Client in a Transaction

79  One agent may represent both the seller and the buyer in the same transaction, or multiple buyers who want to purchase the same
80  property, only under a written "Disclosed Limited Agency Agreement" signed by the seller and buyer(s).

81  Disclosed Limited Agents have the following duties to their clients:

82  1. To the seller, the duties listed above for a seller's agent; and
83  2. To the buyer, the duties listed above for a buyer's agent;
84  3. To both buyer and seller, except with express written permission of the respective person, the duty not to disclose to the
85     other person:
86     a. That the seller will accept a price lower or terms less favorable than the listing price or terms;
87     b. That the buyer will pay a price greater or terms more favorable than the offering price or terms; or
88     c. Confidential information as defined above.

89  *Unless agreed to in writing, an agent has no duty to investigate matters that are outside the scope of the agent's expertise.*

90  When different agents associated with the same Principal Broker (a real estate agent who supervises other agents) establish
91  agency relationships with different parties to the same transaction, only the Principal Broker will act as a Disclosed Limited Agent
92  for both buyer and seller. The other agents continue to represent only the party with whom the agents have already established an
93  agency relationship unless all parties agree otherwise in writing. The Principal Broker and the real estate agents representing either
94  seller or buyer shall owe the following duties to the seller and buyer:

95  1. To disclose a conflict of interest in writing to all parties;
96  2. To take no action that is adverse or detrimental to either party's interest in the transaction; and
97  3. To obey the lawful instruction of both parties.

98  No matter whom they represent, an agent must disclose information the agent knows or should know that failure to disclose would
99  constitute fraudulent misrepresentation.

100  *You are encouraged to discuss the above information with the agent delivering this pamphlet to you. If you intend for that*
101  *agent, or any other Oregon real estate agent, to represent you as a Seller's Agent, Buyer's Agent, or Disclosed Limited*
102  *Agent, you should have a specific discussion with the agent about the nature and scope of the agency relationship.*
103  *Whether you are a buyer or seller, you cannot make an agent your agent without the agent's knowledge and consent, and*
104  *an agent cannot make you their client without your knowledge and consent.*

LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE AND DATE     OREF C-530 | Released 01/2025 | Page 3 of 3
No portion of this form may be reproduced without the express permission of Oregon Real Estate Forms, LLC | Copyright Oregon Real Estate Forms, LLC 2022
This form has been licensed for use solely by the user named below under the terms of the Oregon Real Estate Forms license agreement located at:
https://orefonline.com/oref-forms-license-terms-and-conditios.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com     McLoughlin